UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TBS LATIN AMERICAN LINER, LTD.,

Plaintiff,

-against-

COMERCIAL E INDUSTRIAL DE BASICOS S.A. DE C.V.,

Defendant.

**ECF**
**FIRST AMENDED**
**VERIFIED COMPLAINT**
**07 Civ. 11620 (RJS)**

RECEIVED JAN 04 2008 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, TBS LATIN AMERICAN LINER, LTD. ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its First Amended Verified Complaint against the Defendant, COMERCIAL E INDUSTRIAL DE BASICOS S.A. DE C.V. ("Defendant") alleges, upon information and belief as follows:

JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

THE PARTIES

2. At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of the Marshall Islands.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country

with an address at Av Presidente Masaryk 61-15, Col Polanco, Mexico City 11560 D.F., Mexico.

DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By a voyage charter party dated October 24, 2007, Plaintiff, as disponent owner, chartered the M/V SAVANNAH BELLE (the "Vessel") to Defendant, as Charterer, to carry a cargo of 17,000 metric tons of manganese ore in bulk from Abidjan, Cote D'Ivoire, to Matanzas, Venezuela (the "Charter Party").

6. The Vessel arrived at the load port on November 18, 2007, and waited for a berth until December 28, 2007.

7. Under the terms of the Charter Party, the Vessel was on demurrage from November 22, 2007, at 2105 hours until December 28, 2007, when the vessel sailed from Abidjan. The agreed demurrage rate was $40,000 per day. The total demurrage accumulated totaled approximately $1,440,000.00

8. On December 28, 2007, Defendant advised Plaintiff that it did not have a cargo available for the Vessel and would not be able to comply with its contractual obligations under the Charter Party, thereby repudiating the Charter Party.

9. Plaintiff accepted Defendant's repudiation of the Charter Party, reserved all its rights under the Charter Party and sailed the Vessel from the load port in an attempt to mitigate its damages.

10. The Vessel sailed in ballast from Abidjan on December 28, and is expected to arrive at the East Coast of South America on January 7, 2008, where it is expected that she will be able to load a cargo. The ten days lost while sailing in ballast to South America will result in additional damages to Plaintiff at the rate of $40,000 per day for a total of approximately $400,000.

11. Due to the fact that the Vessel waited in the warm waters off Abidjan for approximately 40 days, her bottom was fouled. As a result, the vessel's performance will be affected causing a loss of revenue and requiring Plaintiff to clean and paint the Vessel's bottom prematurely. The estimated cost to clean the vessel's bottom is $35,000. The estimated loss of time in cleaning the vessel's bottom is seven (7) days at the rate of $40,000 per day. The time lost will cause Plaintiff a loss of revenue of approximately $280,000. Therefore the total cost of cleaning the bottom, including time lost, will be $315,000.00.

12. As a result of Defendant's breach of charter, Plaintiff has incurred damages in the amount of $2,155,000

as best as can be now be estimated, which Plaintiff has demanded, but Defendant has failed and refused to pay.

NEW YORK ARBITRATION

13. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in New York under United States law in accordance with the Rules of the Society of Maritime Arbitrators.

14. Plaintiff reserves the right to demand arbitration from Defendant as authorized by the terms of the Charter Party and the provisions of the United States Arbitration Act, 9 U.S.C. §§1-14, specifically Section 8 of Title 9.

15. The Charter Party, Clause 40, expressly provides that the arbitrators may award "costs, including a reasonable allowance for attorney's fees". Moreover, the award of interest, costs and attorneys' fees is expressly allowed by Rule 30 of the Rules of the Society of Maritime Arbitrators. Rule 30 provides that, "the Panel is empowered to award reasonable attorneys' fees and expenses or costs incurred by a party or parties in the prosecution or defense of the case." Such items are routinely awarded to the prevailing party by arbitrators in New York. Rule E(2)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that the Court may require that the defendant

provide security to pay costs and expenses that shall be awarded against it by final judgment.

16. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---|
| A. | On the principal claim: | $2,155,000.00 |
| B. | Interest at 8.5% per annum for two years: | 183,175.00 |
| C. | Arbitration fees and attorneys' fees: | 150,000.00 |
| TOTAL: | | $2,488,175.00 |

DEFENDANT NOT FOUND WITHIN THE DISTRICT

17. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to Defendant.

18. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B. That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which

are due and owing to Defendant, in the amount of $2,488,175.00 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
January 4, 2008

CARDILLO & CORBETT
Attorneys for Plaintiff
TBS LATIN AMERICAN LINER, LTD.

By: ______________________

Tulio R. Prieto (TP 8455)

Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
) ss.:
County of New York)

1. My name is Tulio R. Prieto.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on

behalf of the Plaintiff.

Tulio R. Prieto

Sworn to before me this
4th day of January, 2008

NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2014